**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi |
| | : | |
| v. | : | Criminal No. 20-CR-1077 (CCC) |
| | : | |
| DECK WON KANG | : | 15 U.S.C. § 78dd-2 |
| | : | 18 U.S.C. § 2 |

**I N F O R M A T I O N**

The defendant having waived in open court prosecution by indictment, the United States Department of Justice, Criminal Division, Fraud Section; and the United States Attorney for the District of New Jersey charge:

BACKGROUND

At all times relevant to this Information:

1. The Foreign Corrupt Practices Act of 1977, as amended, 15 U.S.C. §§ 78dd-1, *et seq.* (the "FCPA"), was enacted by Congress for the purpose of, among other things, making it unlawful to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value, directly or indirectly, to a foreign official for the purpose of obtaining or retaining business for, or directing business to, any person.

2. The Defense Acquisition Program Administration ("DAPA") was a state-owned and state-controlled agency within the Republic of Korea's ("Korea") Ministry of National Defense that was responsible for the procurement of munitions and military equipment and supplies for the Korean Armed Forces. DAPA was an "instrumentality" of the Korean government, and thus DAPA

officers and employees were "foreign officials," as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).

3. In or around 2009, DAPA launched an initiative to update the Korean Navy's fleet of ships. As part of that initiative, DAPA solicited bids for contracts to supply advanced technology, including sonar equipment and remote-operated vehicles.

4. Defendant DECK WONG KANG ("KANG") was a citizen of the United States and maintained his primary residence in New Jersey. KANG controlled two closely held companies, each of which maintained its principal place of business in the District of New Jersey. KANG used the companies to secure contracts with DAPA. Thus, defendant KANG was a "domestic concern," and an officer, director, employee, and agent of a "domestic concern," as defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

5. "Official 1," an individual whose identity is known to the United States, was a high-ranking official in the Korean Navy and a procurement official for DAPA from in or around January 2006 through in or around November 2011. Official 1's job responsibilities included overseeing DAPA's procurement of equipment for Korea's next-generation naval vessels. Thus, Official 1 was a "foreign official" as defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2)(A).

## PURPOSE OF THE BRIBERY SCHEME

6.  The purpose of the bribery scheme was for KANG to enrich himself by obtaining and retaining lucrative contracts with DAPA through corrupt and fraudulent means, specifically by paying bribes to Official 1.

## OVERVIEW OF THE BRIBERY SCHEME

7.  It was part of the bribery scheme that:

    a.  KANG paid bribes to Official 1 in exchange for Official 1's influence to affect and influence DAPA's decisions: (a) awarding contracts to KANG's companies; and (b) enabling KANG's companies to retain the contracts.

    b.  KANG promised to provide Official 1 with something of value in exchange for Official 1's assisting KANG and his companies in obtaining DAPA contracts, including the provision of something of value after Official 1 left public office.

    c.  In or around May 2010, Official 1 provided KANG with non-public information relating to the contracts in furtherance of KANG's companies obtaining the contracts.

    d.  KANG made multiple payments to Official 1 in order to fulfill his promise set forth in Paragraph 7(b) above. Specifically, between in or around April 2012 and in or around February 2013, and at Official 1's direction following Official 1's retirement from DAPA, KANG caused eight bribe payments totaling $100,000 to be wired from a bank account controlled by KANG in the District of New Jersey to a bank account in Australia for the benefit of Official 1. The payments were made on or about the dates set forth in the below chart:

3

| Approximate Date | Wire Amount | Sender | Beneficiary |
|---|---|---|---|
| 04/30/2012 | $10,000 | KANG | Official 1 |
| 04/30/2012 | $10,000 | KANG | Official 1 |
| 05/24/2012 | $10,000 | KANG | Official 1 |
| 06/26/2012 | $10,000 | KANG | Official 1 |
| 07/23/2012 | $10,000 | KANG | Official 1 |
| 08/23/2012 | $10,000 | KANG | Official 1 |
| 09/24/2012 | $10,000 | KANG | Official 1 |
| 02/28/2013 | $30,000 | KANG | Official 1 |

## The Charge

8. On or about February 28, 2013, in the District of New Jersey, and elsewhere, the defendant,

### DECK WON KANG

being a domestic concern and an officer, director, employee, and agent of a domestic concern, did willfully use and cause to be used the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to

4

do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist KANG and his U.S.-based companies in obtaining and retaining business for and with, and directing business to, KANG and his companies, to wit: causing a $30,000 wire transfer from a bank account under KANG's control in the District of New Jersey to an account located in Australia under Official 1's control.

In violation of Title 15, United States Code, Section 78dd-2 and Title 18, United States Code, Section 2.

## **FORFEITURE ALLEGATION**

1. The allegations contained in this Information are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense charged in this Information, the government will seek forfeiture from defendant KANG, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 15, United States Code, Section 78dd-2.

3. If, by any act or omission of defendant KANG, any of the property subject to forfeiture herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant KANG up to the value of the property described in this forfeiture allegation.

*Daniel S. Kahn*

DANIEL S. KHAN
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

CRAIG CARPENITO
United States Attorney
District of New Jersey