

**U.S. Department of Justice**

*United States Attorney*　　*Criminal Division*
*District of New Jersey*　　*Fraud Section*

---

*970 Broad Street, Suite 700*　　*Bond Building*
*Newark, New Jersey 07102*　　*1400 New York Ave. NW, 11th Floor*
　　　　　　　　　　　　　　　　*Washington, D.C. 20005*

October 26, 2020

Robert A. Mintz, Esq.
Geoffrey N. Rosamond, Esq.
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

　　　　Re:  Plea Agreement with Deck Won Kang
　　　　　　　　20-CR-1077 (CCC)
Dear Messrs. Mintz and Rosamond:

This letter sets forth the plea agreement between your client, Deck Won Kang ("Kang") and the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the District of New Jersey (collectively, "this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Kang to an Information that charges him with, from in or about January 2009 to in or about February 2013, violating the Foreign Corrupt Practices Act, in violation of 15 U.S.C. § 78dd-2, by agreeing to and then making approximately $100,000 in illegal payments to and for the benefit of a foreign official in exchange for improper business advantages in relation to obtaining and retaining business.  If Kang enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Kang arising out of, or related to, the conduct charged in the Information regarding Kang's obtaining and retaining business and contracts with the Korean Defense Acquisition Program Administration from in or about January 2009 through 2015.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Kang agrees that any

dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Kang may be commenced against him notwithstanding the expiration of the limitations period after Kang signs the agreement.

Sentencing

The violation of 15 U.S.C. § 78dd-2 to which Kang agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine that is the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Kang is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Kang ultimately will receive.

Further, in addition to imposing any other penalty on Kang, the sentencing judge: (1) will order Kang to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Kang to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require Kang to serve a term of supervised release of not more than three years, which term will begin at the expiration of any term of imprisonment imposed. Should Kang be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Kang may be sentenced to not more than two years' imprisonment, which term is in addition to any prison term previously imposed regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be

imposed on Kang by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement and (2) the full nature and extent of Kang's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Kang agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Kang from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Kang waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Kang agrees to forfeit to the United States all of his right, title, and interest in $1,500,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is

therefore entitled to forfeit substitute assets in an amount not to exceed $1,500,000 (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below, and that such Order will be final as to the defendant on the date of sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the *United States Marshals Service*, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Kang agrees that he shall pay the Money Judgment in full prior to or during the sentencing hearing in this matter. If the Money Judgment is not paid by the close of business on the date of the sentencing hearing: (1) interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date; and (2) this Office shall be authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Kang waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Kang further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Kang fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Kang has intentionally failed to disclose assets on his Financial Disclosure Statement, Kang agrees that that failure

constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Immigration Consequences

Kang understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Kang understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Kang wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Kang understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Kang waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to this Office and cannot bind other federal, state, or local authorities. However, this Office may bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Kang. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Kang.

No provision of this agreement shall preclude Kang from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Kang received constitutionally ineffective assistance of counsel.

No Other Promises

       This agreement constitutes the plea agreement between Kang and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                                     Very truly yours,

                                                     DANIEL S. KAHN
                                                   ACTING CHIEF, FRAUD SECTION
                                                   CRIMINAL DIVISION
                                                   U.S. DEPARTMENT OF JUSTICE

                                                   /s/ *Della G. Sentilles*
                                                   Della Sentilles
                                                   Trial Attorney

                                                   CRAIG CARPENITO
                                                   United States Attorney

                                                   Andrew Kogan
                                                   Assistant U.S. Attorney

                                                   APPROVED:

                                                   David W. Feder
                                                   Chief, Cybercrime Unit

I have received this letter from my attorney, Robert A. Mintz, Esq., and I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:  11-02-2020
Deck Won Kang


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date:  11/02/2020
Robert A. Mintz, Esq.

Plea Agreement with Deck Won Kang

Schedule A

1. This Office and Kang recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Kang nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.  Because the offense of conviction is 15 U.S.C. § 78dd-2 and Kang was not a public official, the Base Offense Level is 12. *See* U.S.S.G. § 2C1.1(a)(2).

3. The value of the payment is $100,000.  Thus, an upward adjustment of 8 levels is appropriate.  *See* U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1)(E).

4. The offense involved a public official in a high-level decision-making and sensitive position.  Thus, an upward adjustment of 4 levels is appropriate.  *See* U.S.S.G. § 2C1.1(b)(3).

5. As of the date of this letter, Kang has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Kang's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Kang has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-level reduction in Kang's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) Kang enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Kang's acceptance of responsibility has continued through the date of sentencing and Kang therefore qualifies for a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Kang's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Kang is 21 (the "agreed total Guidelines offense level").

8. In furtherance of satisfying the Money Judgement and forfeiture in this matter, Kang agrees to pay at least $300,000 to the United States

Marshals Service no later than 24 hours after he enters his guilty plea pursuant to this plea agreement.

9. Kang reserves the right to seek a variance and request a non-custodial sentence.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), at sentencing this Office will recommend that Kang's completion of a criminal sentence in Korea, which resulted from a conviction to offenses under Korean law that is relevant conduct to the instant offense of conviction, should be considered by this Court as a sentencing factor, and agrees not to oppose Kang's request for a sentence of probation.

10.  Kang knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21.  This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the agreed total Guideline offense level of 21.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  In addition to the foregoing provisions, the defendant hereby waives all rights to argue on appeal that the statute to which the defendant is pleading guilty is unconstitutional and that the admitted conduct does not fall within the scope of the statute.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.